UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN LACOST,

        Plaintiff,                Case No. 1:23-cv-475

v.                                     Hon. JANE M. BECKERING

MOD – MASTERS OF DETECTION
SECURITY SERVICES, INC.,
MOD - MASTERS OF DETECTION
SECURITY SERVICES LLC, and
PAUL LYONS,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is now before the Court on Plaintiff's Motion for Default Judgment brought pursuant to Fed. R. Civ. P. 55(b) (ECF No. 8). The matter has been referred to the undersigned.

Plaintiff filed a complaint alleging four counts against defendants: Count I (Failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA)); Count II (Retaliation in violation of the FLSA); Count III (Failure to pay the minimum wage in violation of the FLSA); and Count IV (Failure to pay the minimum wage in violation of Michigan's Workforce Opportunity Wage Act). *See* Compl. (ECF No. 1). The Clerk entered a default of all defendants pursuant to Fed. R. Civ. P. 55(a) (ECF No. 6).

In his motion for default judgment, plaintiff asked for the following damages:

$4,233.00 for unpaid overtime wages under the FLSA;

$4,233.00 for liquidated damages under the FLSA;

$759.26 for unpaid minimum wages under Michigan's Improved Workforce Opportunity Wage Act (IWOWA);

    $759.26 for liquidated damages under Michigan's minimum wage law;

    $100,000.00 for compensatory damages;

    $25,000.00 for punitive damages; and

    $10,660.34 for attorney's fees and costs.

*See* Motion at PageID.25.

  Plaintiff's motion did not seek backpay. However, in his supporting brief, plaintiff sought 19 weeks of backpay ($15,972.35) and liquidated damages ($15,972.35) under the FLSA as the victim of a retaliatory firing. *See* Plaintiff's Brief (ECF No. 9, PageID.35-36); 29 U.S.C. § 216(b). Plaintiff also requested backpay at the hearing.

  Plaintiff's motion included documents to establish damages and attorney fees including: the declaration plaintiff Nathan Lacost (ECF No. 9-1); a "Damage Model" (spreadsheets) (ECF No. 9-2); the declaration of plaintiff's counsel Mark S. Wilkinson (ECF No. 9-4); and the State Bar of Michigan 2023 Economics of Law Survey Results (ECF No. 9-5).

  On November 7, 2023, the Court held an evidentiary hearing on the motion for default judgment to determine the amount of damages, attorney fees, and costs. *See* Fed. R. Civ. P. 55(b)(2)(B) (hearing to determine the amount of damages) and (D) (investigate any other matter).

  At the hearing, the plaintiff and his counsel clarified the requests set forth in the written record. Based on the documents as supplemented by plaintiff's testimony and plaintiff's counsel's representations made on the record, the Court finds that plaintiff is entitled to the following damages.

### Unpaid wages and liquidated damages

1. $4,233.00 for unpaid overtime wages under the FLSA.

2. $759.26 for unpaid minimum wages under the IWOWA.

3. $4,233.00 for liquidated damages under the FLSA.

4. $759.26 for liquidated damages under Michigan's minimum wage law.

### Backpay and liquidated damages

1. $15,972.35 for backpay under the FLSA.

2. $15,972.35 for liquidated damages under the FLSA.

### Total unpaid wages, backpay, and liquidated damages

Based on this record, plaintiff should be awarded total unpaid wages, backpay, and liquidated damages in the amount of **$41,929.22**, the amount requested in his motion. In addressing the issue of liquidated damages, the Court notes that "a district court, has the discretion not to award liquidated damages to a prevailing plaintiff if 'the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938.'" *Elwell v. University Hospitals. Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002), quoting 29 U.S.C. § 260. Here, defendants have failed to meet their burden; indeed, defendants do not contest plaintiff's claims.

### Compensatory damages

Upon reviewing the evidence, the Court concludes that plaintiff is entitled to compensatory damages. The FLSA allows for damages for mental and emotional distress. *See Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004). While there is no formula for the calculation of emotional distress damages and a plaintiff does not need to present medical

evidence to receive compensation for emotional distress, "damages for mental and emotional distress will not be presumed and must be proven by competent evidence." *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996) (internal quotation marks omitted).

In his declaration and testimony, plaintiff presented competent evidence of mental and emotional distress arising from the alleged incidents. In this regard, plaintiff stated: that he became increasingly frustrated because defendant Paul Lyons refused to pay him for overtime hours; that Lyons became so angry that he held a company-wide meeting and said that "the company was not going to pay anybody any overtime pay because 'it was not in the budget'"; that plaintiff was fired in retaliation for complaining about defendants' refusal to pay overtime; that he was filled with dread and anxiety in having to tell his family about what happened and how his family was "going to pay rent" and "going to eat"; that he became depressed; that he ate less so that they could buy less groceries; that he lost weight; that he became withdrawn; that he became less supportive of his children; that he did not feel good about his life; and, that he and his fiancée argued more often. *See* Declaration (ECF No. 9-1); Testimony.

Plaintiff seeks compensatory damages more than double the amount of his economic loss. In *Moorer v. Baptist Memorial Health Care System*, 398 F.3d 469, 478 (6th Cir. 2005), an FMLA case relied upon by plaintiff, the Sixth Circuit affirmed an award of compensatory damages in an amount **less than half that of the economic damages** awarded by the trial court. It is also worth noting that the plaintiff Moorer's claim for economic damages was supported by his own testimony, that of his wife and of his treating physician. Here plaintiff relies only on his own declaration as supplemented by his testimony at the hearing.

Finally, plaintiff testified that he found a new job at a higher rate of pay within two months of his termination. Presumably this mitigated his emotional distress to some extent.

Based on all these considerations, the Court finds that the evidence supports compensatory damages in the amount of **$25,000.00**.[1]

### Punitive damages

The FLSA does not provide for punitive damages. Neither the Sixth Circuit nor the Western District of Michigan have ruled that punitive damages are available under the Act. Plaintiff's one sentence request for punitive damages cites an unpublished 2013 decision from the Western District of Tennessee, *Felder v. Charles H. Hill Contractors, Inc.*, No. 12-2102-DVK, 2013 WL 12033162 (W.D. Tenn. Oct. 24, 2013), which in turn relied on Seventh Circuit authority. Plaintiff does not cite any binding authority for the award of punitive damages for the counts alleged in the complaint. Accordingly, plaintiff's request for punitive damages should be denied as legally unsupported.

### Attorney fees and costs

Plaintiff seeks attorney fees in the amount of $10,200.00 based upon 20.0 hours of legal work at an hourly rate of $510.00. Based upon a review of the record, while the amount of time spent is reasonable, the requested hourly rate is excessive. In this regard, plaintiff notes that the requested hourly fee of $510.00 "falls within the range of hourly rate that other plaintiff's employment lawyers charge—between $300 and $650 per hour." Plaintiff's Brief (ECF No. 9, PageID.42). Upon due consideration, the Court finds that an appropriate hourly rate in this case is $400.00, which results in an attorney fee of $8,000.00.[2] Plaintiff should also be reimbursed for the incurred costs of $460.34. Accordingly, plaintiff should be allowed total attorney fees and costs of **$8,460.34**.

---

[1] In reaching this determination, the Court notes that "[l]iquidated damages under the FLSA are compensation, not a penalty or punishment." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004) (internal quotation marks omitted).

[2] The Court notes that in the context of another fee shifting statute, *i.e.*, fee requests in Social Security appeals under the Equal Access To Justice Act, 28 U.S.C. 2412, the Court has awarded attorney fees at the hourly rate of $204.75.

### III. RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's motion for default judgment (ECF No. 8) be **GRANTED in part** in the amount of **$75,389.56**.

Dated: November 13, 2023  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).